IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY LAMB,     Plaintiff, | : : : | CIVIL ACTION |
|   v. | : : | No. |
| THE COCA-COLA COMPANY, JAN JENKINS and STEVE MORROW     Defendants. | : : : : : | JURY TRIAL DEMANDED |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Gregory Lamb, (hereinafter "Lamb" or "Plaintiff"). Plaintiff was an employee of The Coca-Cola Company (hereinafter "Coca-Cola"), who has been harmed by race based harassment, race based discrimination, failure to accommodate a known disability and retaliatory practices, as well as other improper conduct by Defendant Coca-Cola and its agents, servants and representatives named herein. This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, Title 42 U.S.C. § 2000e, *et seq.*, Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, The Family Medical Leave Act, 29 U.S.C. §2601 *et seq.* ("the Act"). and Pennsylvania law, including the Pennsylvania Human Relations Act, Title 43 Pa Cons Stat Ann § 951 *et seq.*

## II.     JURISDICTION AND VENUE

1. The original jurisdiction of this Court is invoked, and venue is in this District, pursuant to Title 28 U.S.C. §1331, 1391, 2201, 2202, 1343 and the claim is substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000e, *et seq.*, and Section 107 (a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* and 42 U.S.C. § 12117 (a), which incorporates by reference Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000(e) *et seq*; and The Family Medical Leave Act, 29 U.S.C. §2601 *et seq.*

2. All conditions precedent to the institution of this suit have been fulfilled. As to the Title VII claims and the ADA claims.   Plaintiff has invoked the procedure set forth in § 706(a) of Title VII as well, as the ADA, and has received a Notice of Right to Sue as required by said statutes.  On or about July 12, 2005, Plaintiff filed a Charge of Discrimination with the EEOC against the Defendants, alleging, *inter alia*, race based employment harassment and discrimination, disability discrimination and retaliation. Pursuant to the work sharing arrangement between the EEOC and the Pennsylvania Human Relations Commission, this filing constituted a contemporaneous filing with the PHRC.  A Notice of Right to Sue was issued by the Equal Employment Opportunity Commission on September 8, 2006.

3. This action has been filed within ninety (90) days of receipt of said Notice from the EEOC.

III. <u>PARTIES</u>

4. Plaintiff, Gregory Lamb, is an adult African-American male citizen and resident of the Commonwealth of Pennsylvania residing at 2130 West Union Street, Allentown, Pennsylvania.

5. Defendant, Coca-Cola, is a Delaware corporation doing business under the laws of the Commonwealth of Pennsylvania with a principle place of business at 7551 Schantz Road, Allentown, Pennsylvania and registered offices in Pennsylvania at 7551 Schantz Road, Allentown, Pennsylvania.

6. Employee, Jan Jenkins (hereinafter "Jenkins") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant hereto, Jenkins was an agent, servant, workman and/or employee of Defendant Coca-Cola, acting and/or failing to act within the scope, course and authority of her employment and her employer, Coca-Cola. At all times relevant, Jenkins was acting in her supervisory capacity as an employee of Defendant Coca-Cola and her personal capacity.

7. Employee Steve Morrow (hereinafter "Morrow") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant hereto, Morrow was an agent, servant, workman and/or employee of Defendant Coca-Cola, acting and or failing to act within the scope, course and authority of his employment and his employer, Coca-Cola. At all times relevant, Morrow was acting in the supervisory capacity of General Manager as an employee of Defendant Coca-Cola and his personal capacity.

8. At all times relevant hereto, Defendant, Coca-Cola was acting through its

agents, servants and employees.

9. At all times material herein, Defendant Coca-Cola is and has been a "person" and "employer" as defined under Title VII and the ADA, and is subject to the provisions of said Acts.

10. At all times relevant hereto, Defendant Coca-Cola owned, operated, controlled and managed the Allentown, Pennsylvania location, by and through the conduct of its officers, managers agents and employees, all acting within the scope and course of their employment.

11. At all times relevant hereto, Defendant Coca-Cola acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

12. At all relevant times herein, Defendant Coca-Cola knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

## IV.  CAUSES OF ACTION

13. Gregory Lamb is an African-American male employee hired by Defendant Coca-Cola on or about March 1999 as a Operations Technician. On or about September 2000 Plaintiff was promoted to Manufacturing Team Leader. Plaintiff was employed in that position until he was terminated by Defendant Coca-Cola on or about February 8, 2005.

14. At all times relevant, Plaintiff Gregory Lamb, maintained satisfactory job performance and had at all times fulfilled all of the duties and obligations commensurate with that employment.

15. At all times relevant hereto, Defendant Coca-Cola failed to establish, maintain

and enforce an effective and well-known policy against harassment and discrimination based on race/color and disability and against retaliation and that provided a meaningful complaint and reporting procedure.

16. Beginning in or about April of 2004 and continuing until he was discharged on February 8, 2005, Gregory Lamb was subjected to racial discrimination, discrimination based on disability harassment and retaliation. Defendants Jan Jenkins and Steve Morrow and others employed by Defendant Coca-Cola subjected Plaintiff to harassment and retaliation on numerous occasions in Plaintiff's presence and in the presence of other employees.

17. Plaintiff has been discriminated against because of his race and disability and has been exposed to a hostile work environment and retaliated against because he complained of discrimination.

18. Plaintiff suffered at all relevant times, from a disability related to his hip and he was harassed and discriminated against based on same.

19. Plaintiff was not granted accommodations for his disability despite request.

20. Plaintiff was on qualified Family Medical Leave for approximately, 7 weeks between August 31, 2004 to October 27, 2004. Plaintiff was retaliated against for having taken such leave.

21. The above stated leave was also required to be extended to Plaintiff as an accommodation under the ADA, but instead Plaintiff was retaliated against for having taken the same.

22. Plaintiff also advised Defendants of his disability of depression, including in January of 2005, and Defendants discriminated, failed to accommodate and retaliated against Plaintiff based on same.

23. Plaintiff was fired for the pretextual and false reason of using crude language when a comparable Caucasian employee has not been terminated for such disciplinary matters and/or have been subject to progressive discipline.

24. Defendants treated Plaintiff in a disparate manner regarding discipline based on race.

25. Plaintiff on February 2, 2005, engaged in protected conduct with regard to a potential ADA violation by Defendants against a co-employee, Samuel Carrodo. Defendants retaliated against Plaintiff for his testimony, aid, support and/or reporting a violation of the ADA.

26. In April 2004 Plaintiff was required to undergo hip replacement surgery.

27. When Plaintiff informed Jenkins of his intention to take leave for his surgery, she insisted that he delay the surgery until September in order to accommodate the business. Plaintiff delayed his surgery.

28. When Plaintiff requested time off as an accommodation, Jenkins was annoyed and hostile towards Plaintiff.

29. Other employees ridiculed Plaintiff based on his disability and/or based on race. Plaintiff complained to Jenkins and Morrow and no action was taken.

30. Plaintiff met with Jenkins the day before his surgery and she stated, "You really should think about whether you want to continue to be a Team Leader".

31. On October 4, 2004, Jenkins contacted Plaintiff and urged him to cut his leave short.

32. On October 15, 2004, Morrow contacted Plaintiff and also urged him to cut his leave short. Plaintiff returned to work on October 26, 2004.

33. From October 26, 2004 through December 20, 2004 there were several

attempts to "set Plaintiff up" for discipline, which were all false allegations.

34. On December 20, 2004, Plaintiff was informed that he was under investigation for false allegations.

35. Plaintiff was then transferred to an "off-shift".

36. On February 2, 2005, Plaintiff was asked to give a statement about a disability discrimination claim filed by Samuel Carrodo. Plaintiff did so and was retaliated against for same.

37. In retaliation for Gregory Lamb reporting the hostile work environment, harassment, discrimination and retaliation to which he was exposed, he was ostracized and subjected to intensified harassment with the knowledge and acquiescence of Defendant Coca-Cola.

38. No action was ever taken by Defendant Coca-Cola against Jenkins or Morrow because of their discriminatory conduct toward Plaintiff because of his race, and/or disability.

39. Defendant Coca-Cola has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and heard allegations from Plaintiff of harassment, discrimination and retaliation at the Allentown location.

40. At all relevant times herein, Defendant knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

41. The aforementioned demeaning and degrading comments and conduct were made by Jenkins and Morrow at a time when they spoke with the apparent authority of Defendant Coca-Cola. As a direct result of their demeaning and

degrading statements about Gregory Lamb with the authority of Defendant Coca-Cola, other employees, personnel and staff repeated their comments and many employees, personnel and staff, including friends and acquaintances, did not want to associate, work or talk with Plaintiff and he was shunned at his place of employment.

42. Instead of investigating the aforementioned allegations or taking prompt remedial actions, Defendant Coca-Cola and Jenkins and Morrow retaliated against Gregory Lamb and failed to promptly and effectively address Plaintiff's complaints concerning their harassment, discrimination and retaliation.

43. Defendant Coca-Cola supervisors, managers, and employees participated in and encouraged the discrimination and retaliation to which Plaintiff was subjected.

### COUNT V
### GREGORY LAMB
### v.
### COCA-COLA
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991

44. Paragraphs 1 through 43 inclusive, are incorporated by reference as if fully set forth at length herein.

45. Based on the foregoing, the Defendant has engaged in unlawful practices in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000e, *et seq.*

46. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work

environment, retaliating against him because of his opposition to the illegal conduct in the workplace, subjecting him to more onerous working conditions and treating him in a disparate manner including regarding discipline.

47. All of the foregoing acts by Defendant were solely motivated by Plaintiff's race/color in violation of 42 U.S.C. § 2000e, *et seq.*

48. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendants in violation of Title 42 U.S.C. § 2000e, *et seq.*, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay and interest due thereon.

COUNT VI
GREGORY LAMB
v.
COCA-COLA
<u>VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")</u>

49. Paragraphs 1 through 48, inclusive, are incorporated by reference as if fully set forth at length herein.

50. Based on the foregoing, Defendant Coca-Cola has engaged in unlawful practices in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000e, *et seq.*  The said unlawful practices for which Defendant Coca-Cola is liable to Plaintiff include, but are not limited to, discrimination against Plaintiff, retaliation against him and failure to accommodate.

51. As a direct result of the aforesaid unlawful discriminatory employment

practices engaged in by Defendant in violation of Title 42 U.S.C. § 2000e, *et seq.*, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay, and interest due thereon.

COUNT VII
GREGORY LAMB
v.
COCA-COLA
<u>RETALIATION UNDER THE ADA</u>

52. Paragraphs 1 through 51, inclusive, are incorporated by reference as if fully set forth at length herein.

53. By the acts complained of, Defendant Coca-Cola has retaliated against Plaintiff for exercising his rights under the Americans with Disabilities Act in violation of the Act.

54. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

COUNT VIII
GREGORY LAMB
v.
COCA-COLA
<u>VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT</u>

55. Paragraphs 1 through 54, inclusive, are incorporated by reference as if fully set forth at length herein.

56. Because Plaintiff had previously utilized less than thirty (30) days of family and medical leave for a serious medical condition, and because Plaintiff

supplied certification from a physician indicating that the condition for which he was terminated was a "serious health condition," Defendant knew or should have known, that the absences were protected under the Act.

57. The willful violation of Plaintiff's rights under the Act were done in the absence of good faith and reasonable grounds and this Court must award liquidated damages pursuant to 29 U.S.C. §2617(a).

**COUNT VX**
**GREGORY LAMB**
**v.**
**JENKINS and MORROW**
**<u>AIDING AND ABETTING UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT</u>**

58. Paragraphs 1 through 57 are inclusive, are incorporated by reference as is fully set forth at length herein.

59. The unlawful actions of the individual Defendants acting as aforesaid, constitutes an aiding and abetting violation pursuant to Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act.

60. At all relevant times herein, Defendants, Jenkins and Morrow knew or had reason to know of the actions and inaction alleged herein and/or have personally participated in some of said actions and are ultimately responsible for same, and aided and abetted the illegal conduct of Defendant, Coca-Cola.

61. The individual Defendants, as supervisors are personally liable pursuant to the Pennsylvania Human Relations Act for aiding and abetting the unlawful conduct and race harassment, failure to accommodate a known disability and retaliatory practices set forth herein.

62. As a direct result of the individual supervisor Defendants' willful and unlawful actions in aiding and abetting in the race harassment, failure to accommodate

a known disability and retaliatory practices set forth herein in violation of Title 43 Pa. Stat. Ann. §951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings and benefits, loss of future earning power, back pay, front pay and interest due thereon.

## PRAYER FOR RELIEF

63. Plaintiff repeats the allegations of paragraphs 1 through 62 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in his favor and against Defendants and requests that this Court:

a. Exercise jurisdiction over his claims;

b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma and punitive damages;

c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful and enjoining their past and continued effects;

d. Order Defendants compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which he would have been entitled, had he not been subject to unlawful discrimination;

e. Order Defendants compensate Plaintiff with an award of front pay, if appropriate;

f. Order Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful

    conducts;

g. Order Defendants pay to Plaintiff punitive damages and compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

h. Order Defendants pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

i. Reinstate Plaintiff to his former position;

j. Award Plaintiff his attorneys' fees and costs; and

k. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                        HAHALIS & KOUNOUPIS, P.C.


                        By: _____
                            GEORGE S. KOUNOUPIS, ESQUIRE
                            20 East Broad Street
                            Bethlehem, PA  18018
                            (610) 865-2608
                            Attorneys for Plaintiff,
                            Gregory Lamb


Date:  December 4, 2006